NADIA AHMED
Nevada Bar No. 15489
SKLAR WILLIAMS PLLC
410 S. Rampart Blvd. #210
Las Vegas, NV 89145
Phone: 702-360-6000
Fax:    702-360-0000
Email: nahmed@sklar-law.com

*Attorneys for the Defendant*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEION JOE'L CHERRY,<br><br>Defendant. | Case No. 2:21-mj-00139-DJA<br><br>ORDER to Continue Preliminary Hearing<br><br>(Second Request) |

      IT IS HEREBY STIPULATED AND AGREED, by and between Christopher Chiou, Acting United States Attorney; Lisa Cartier Giroux, Assistant United States Attorney; Kimberly Sokolich, Assistant United States Attorney, representing the United States of America and Nadia J. Ahmed, Esq., counsel for defendant Keion Joe'l Cherry, that the preliminary hearing in the above captioned case, which is currently scheduled for April 26, 2021 at 4:00pm, be continued and reset to a date and time convenient to the Court, but no sooner than sixty (60) days.

      1.     Current counsel was appointed to replace prior counsel on March 2, 2021 (ECF No. 14) and needs additional time to review discovery, to meet and confer with defendant, and to discuss hearing strategies in this case.

      2.     The government has provided counsel for the defendant with limited Rule 16 pre-indictment discovery. Counsel for the defendant requests additional time to review the discovery and discuss it with her client prior to a preliminary hearing or indictment. Additionally, the parties

are discussing a pre-indictment resolution that may resolve the matter without a preliminary hearing.

3. This continuance is not sought for purposes of delay, but to allow defense counsel an opportunity to review discovery with her client and prepare for the preliminary hearing.

4. The defendant is not detained and agrees to the continuance.

5. Both counsel for the defendant and counsel for the government agree to the continuance.

6. Federal Rule of Criminal Procedure 5.1(d) provides that a magistrate judge may extend the time limits in Rule 5.1(c) with the defendant's consent and upon a showing of good cause taking into account the public interest in the prompt disposition of criminal cases. Because the defendant requires time to review discovery with their client prior to the preliminary hearing, good cause exists to extend the time limits in Rule 5.1(c).

7. The time from April 26, 2021, to the new preliminary hearing date will be excludable under the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(7)(A), which provides that the Court may exclude time arising from a continuance upon finding that the ends of justice served by granting the continuance outweigh the best interests of the defendant and the public in a speedy trial.

8. Denial of this request could result in a miscarriage of justice, and the ends of justice served by granting this request outweigh the best interest of the public and the defendants in a speedy trial.

9. The additional time requested by this stipulation is excludable in computing the time within which the indictment must be filed pursuant to the Speedy Trial Act, Title 18, United States Code, Section 3161(b), and considering the factors under Title 18, United States Code, Section 3161(h)(7)(A) and (B)(i) and (iv).

. . .

. . .

. . .

. . .

10. This is the second request to continue the preliminary hearing.

DATED this 20th day of April, 2021.

CHRISTOPHER CHIOU
Acting United States Attorney

/s/     *Lisa C. Cartier Giroux*  
LISA C. CARTIER GIROUX
Assistant United States Attorney

/s/     *Nadia Ahmed*  
NADIA AHMED, Esq.
Counsel for Defendant Anderson

/s/     *Kimberly Sokolich*  
KIMBERLY SOKOLICH
Assistant United States Attorney

. . .

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA, ) Case No.: 2:21-mj-00139-DJA
                         Plaintiff, ) **Findings and Order on Stipulation**
vs. )
KEION JOE'L CHERRY, )
                         Defendant. )

Based on the pending Stipulation between the defense and the government, and good cause appearing therefore, the Court hereby finds that:

1. Current counsel was appointed to replace prior counsel on March 2, 2021 (ECF No. 14) and needs additional time to review discovery, to meet and confer with defendant, and to discuss hearing strategies in this case.

2. The government has provided counsel for the defendant with limited Rule 16 pre-indictment discovery. Counsel for the defendant requests additional time to review the discovery and discuss it with her client prior to a preliminary hearing or indictment.

3. To allow the defense time to review the discovery with their client prior to the preliminary hearing and with the defendant's consent, the preliminary hearing in this case should be continued for good cause.

4. The defendant is not detained and agrees to the continuance.

5. Both counsel for the defendant and counsel for the government agree to the continuance.

6. This continuance is not sought for purposes of delay, but to allow defense counsel an opportunity to review discovery with their client prior to a preliminary hearing or indictment.

7. Denial of this request could result in a miscarriage of justice, and the ends of

4

justice served by granting this request outweigh the best interest of the public and the defendants in a speedy trial.

8. The additional time requested by this stipulation is excludable in computing the time within which the indictment must be filed pursuant to the Speedy Trial Act, Title 18, United States Code, Section 3161(b), and considering the factors under Title 18, United States Code, Section 3161(h)(7)(A) and (B)(i) and (iv).

9. This is the second request for a continuance of the preliminary hearing requested by the parties.

THEREFORE, IT IS HEREBY ORDERED that the preliminary hearing in the above-captioned matter currently scheduled for April 26, 2021 at 4:00 p.m. be vacated and continued to June 28, 2021, at 4:00 p.m., Courtroom 3A.

DATED this 21st day of April, 2021.

_____
HONORABLE DANIEL J. ALBREGTS
United States Magistrate Judge

5